# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES RAY BRANCH, | * |
| Plaintiff | * |
| v | *   Civil Action No.  PX-18-3238 |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTION SERVICES, | * |
| | * |
| Defendant | |

***

## MEMORANDUM OPINION

On October 17, 2018, Plaintiff filed this civil rights action seeking unspecified compensatory damages arising from his alleged wrongful detention. Plaintiff also moves for Leave to Proceed In Forma Pauperis. Because Plaintiff appears indigent, the motion shall be granted.

Plaintiff is a former state prisoner currently confined at the Harford County Detention Center. ECF No. 1 at p. 1. He alleges that "On or about October 21, 2014, the State of Maryland and its agents illegally arrested and detained me for 8 and a half months after failing to undertake a proper investigation before taking me into custody after answering a summons to appear for hearing at MRDCC." ECF No. 1 at p.2. Plaintiff asserts that the Maryland Parole and Probation Officer as well as the Parole Commissioner "would and should" have known that his parole had already been revoked the sentence had been served in full, eliminating any grounds to detain him. *Id*. Plaintiff seeks compensatory damages for the period of his wrongfully detention, "from October 2014 to June 18, 2015." *Id*. at p. 3.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which

permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

This Court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the this Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court takes all facts alleged in the Complaint as true and in the light most favorable to Plaintiff. *Id*. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Liberal construction, however, does not permit the Court to ignore a clear failure in the pleadings. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In determining whether the Complaint states a claim, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Even when affording the Complaint a liberal construction, the claims are time-barred. The Court measures the accrual of Plaintiff's claim, and most favorably, as the last day of his detention, June 18, 2015. Plaintiff filed this case on October 12, 2018, more than three years after June 18, 2015. For civil rights actions brought pursuant to 42 U.S.C. § 1983, limitations is determined by the State limitations period applicable to personal-injury torts. *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure,* 488 U.S. 235, 249-50 (1989)); *Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985). In Maryland, the applicable statute of limitations is three

years from the date of the occurrence.  *See* Md. Code Ann., Cts & Jud. Proc. § 5-101.   Because Plaintiff's claims are time-barred, dismissal is warranted.

A separate Order follows.


     11/6/18                                                        /S/
Date                                                           Paula Xinis
                                                                United States District Judge